UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON WAYNE RICHISON,

        Plaintiff,

    v.                                      Case No. 21-cv-0121-bhl

GERALD L. POLZIN, et al.,

        Defendants.

---

## SCREENING ORDER

---

Jason Wayne Richison, who is currently incarcerated at the Outagamie County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Richison's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Richison has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Richison filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed an initial partial filing fee of $0.40. On February 12, 2021, Richison paid the $350 filing fee. His motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Richison explains that, in August 2004, he was arrested and charged with armed burglary and second-degree sexual assault of a child in Outagamie County. He asserts that defendant Gerald Polzin, a former police officer who is currently incarcerated, set him up by manufacturing three false statements, which Polzin used as grounds to arrest Richison. After Polzin was arrested for reasons unrelated to Richison's case, defendant detective Jane Doe allegedly approached Richison and told him that, if he pleaded no contest, she would give him a deal and the charges would be reduced to 3rd or 4th degree statutory rape. Richison asserts that he did not receive the offered deal. According to public records available on the Wisconsin Circuit Court Access website, Richison was found guilty in both cases after pleading no contest. *See* https://wcca.wicourts.gov/case.html, search: Outagamie County Case No. 2004CF558 and Outagamie County Case No. 2005CF15[1].

Richison asserts that he does "not want money"; he just wants his freedom and to have the conviction in Case No. 2005CF15 removed from his record. Dkt. No. 1 at 5.

## THE COURT'S ANALYSIS

Richison's complaint suffers from several deficiencies. First, the Court cannot grant Richison the relief he seeks. Prisoners have two paths they may travel to obtain relief in federal court: civil tort actions under 42 U.S.C. §1983 and habeas corpus review of state adjudications under 28 U.S.C. §2254. *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019). The two paths are not interchangeable. When a prisoner challenges "the fact or duration of his confinement,"

---

[1] Richison mistakenly identifies the case number as 2005CF515. The correct case number is 2005CF15.

3

habeas corpus, not §1983, is the proper path. *Id.* (citations omitted). Accordingly, Richison must raise his request for "freedom" in a habeas petition; he may not do so in a civil rights case.

Second, even if Richison were seeking monetary damages, claims that he was improperly convicted as a result of Defendants' misconduct are barred. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Richison has not successfully challenged his conviction, he may not bring claims against Defendants that would necessarily invalidate his conviction. To be clear, to the extent Richison's claims are barred by *Heck*, the dismissal is without prejudice because Richison could renew these claims if he ever succeeds in overturning his conviction. *See Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995).

Finally, claims related to alleged misconduct that would not necessarily invalidate Richison's conviction (for example, his allegation that Polzin arrested him based on manufactured evidence) are barred by the statute of limitations. The events Richison describes in his complaint occurred more than fifteen years ago. At that time, the limitations period for tort claims in Wisconsin was six years. *See Maddox v. Berge*, 473 F. Supp. 2d 888, 894 (W.D. Wis. 2007). Although a statute of limitations defense is generally an affirmative defense, the Seventh Circuit has held that a court may raise an affirmative defense on its own when it is clear the defense applies. *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

For these reasons, Richison's complaint must be dismissed.

4

**IT IS THEREFORE ORDERED** that Richison's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of February, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.